USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTOPHER HUDSON, *in his individual capacity on behalf of himself and others similarly situated*,

                Plaintiff,

-against-

NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL, NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, RETIREMENT BOARD OF THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN, KATHERINE "KATIE" BLACKBURN, RICHARD "DICK" CASS, TED PHILLIPS, SAMUEL MCCULLUM, ROBERT SMITH, and JEFFREY VAN NOTE

                Defendants.
-----------------------------------------------------------------X

1:18-cv-4483-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

Before the Court is the Report and Recommendation (the "R&R") by Magistrate Judge Robert W. Lehrburger, dated September 5, 2019, which recommends that Plaintiff's complaint be dismissed in its entirely with prejudice. Dkt. No. 90. Plaintiff has filed objections to the R&R's recommendation that his first, second, third, and fifth claims be dismissed. Dkt. No. 91. Defendants National Football League Management Council (the "Council"), National Football League Players Association (the "Association"), and the Retirement Board of the Plan (the "Retirement Board") along with the Retirement Board's six individual members—Katherine Blackburn, Richard Cass, Ted Phillips, Samuel McCullum, Robert Smith, and Jeffrey Van Note (collectively, the "Individual Board Defendants" and, together with the Retirement Board, the "Board Defendants")—filed their oppositions to Plaintiff's objections on September 26, 2019. Dkt. Nos. 93, 94, and 95.

The parties are familiar with the facts of this case, as set forth in great detail in the R&R. For the reasons that follow, and subject to the clarifications and modifications noted by the Court, the R&R is accepted in its entirely, except that Plaintiff is granted leave to amend his second and third claims.

I. **LEGAL STANDARD**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2). If a party submits a timely objection, a district court reviews *de novo* the parts of the report and recommendation to which the party objected. *See id*. When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Marte v. Berryhill*, No. 17-cv-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018).

II. **DISCUSSION**

   a. **The Court accepts the R&R's recommendation that Plaintiff's first claim against the Retirement Board for violation of ERISA § 102(a) be dismissed with prejudice.**

Plaintiff's first claim states that the description of the process for reclassification outlined in the Summary Plan Description ("SPD") violates ERISA § 102(a) because it fails to adequately explain the terms "clear and convincing evidence" and "changed circumstances." The Court agrees with Judge Lehrburger that the SPD was "written in a manner calculated to be understood by the average plan participant," and was "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a). Accordingly, Plaintiff's claim is dismissed.

Judge Lehrburger found that the disclosures in the SPD did not violate § 102(a) because "[n]o part of 29 U.S.C. § 1022 requires plan fiduciaries to disclose discretionary interpretations of plan terms, or requires that summary plan descriptions must summarize every standard under which plan terms may be evaluated." R&R at 44-45. Plaintiff takes issue with this language, claiming that "DOL regulations and case law interpreting ERISA § 102 make clear that where, as here, a policy of interpretation or administration of the Plan erects a barrier that may lead to a participant's disqualification from, ineligibility for, or denial or loss of benefits, the SPD must disclose that policy." Dkt. No. 91 at 7.

To be clear, the Court does not interpret the R&R to state, as a matter of law, that plan fiduciaries are *never* required to disclose discretionary interpretations of plan terms. To the extent that the R&R does make such a claim, the Court does not adopt that aspect of the R&R's reasoning in light of the Second Circuit's decision in *Wilkins v. Mason Tenders District Council Pension Fund*, 445 F.3d 572 (2d Cir. 2006). However, despite Plaintiff's reliance on *Wilkins*, that case also does not support his argument that the language at issue here is not sufficiently clear to "reasonably apprise" plan participants of their rights under the plan.

In *Wilkins,* the Second Circuit held that an undisclosed, but official policy requiring pension participants seeking additional benefits to provide certain documentation had to be included in the plan documents. *Id.* at 582. As the Second Circuit noted, "no provision of the SPD even arguably [gave] notice of the [p]olicy." *Id.* That fact distinguishes *Wilkins* from the situation here, where the "clear and convincing" and "changed circumstances" language did put plan participants on notice of the heightened standard for reclassification.

Ultimately, the question to be decided is whether the language of the challenged provision, as considered within the context of the SPD as a whole, reasonably apprised plan participants that a failure to put forth comprehensive evidence in their initial applications for benefits could permanently lock them into a lower benefits classification. *See McCarthy v. Dun & Bradstreet Corp.*,

3

482 F.3d 184, 192 (2d Cir. 2007). The Court holds that it did. As the R&R correctly noted, "the text and format of the Summary Plan Description both indicate to a participant that the standard is heightened when making a reclassification request." R&R at 46-47. The structure of the provisions in which the challenged language appears also suggest that "changed circumstances" refers to new or different physical conditions, not merely new evidence. The SPD clearly states that a participant who wishes to be reclassified must present "evidence" of "changed circumstances." Dkt. No. 56-8, at 23. Under Plaintiff's reading of this provision, a participant could satisfy that requirement by presenting "evidence" of "changed evidence." The SPD did not need to include additional language to provide notice that this potential reading was unfounded. An SPD need only reasonably apprise participants of their rights; it need not comprehensively disclaim every potential misinterpretation of its provisions. Furthermore, the SPD clearly sets forth an appeal process from the initial classification and reclassification determinations, *id.* at 39-41, suggesting that the determinations become final at the end of the appeals process and negating an inference that a participant can continually challenge an adverse determination with new evidence that he did not previously present. Accordingly, the Court agrees with the R&R's recommendation that Plaintiff's first claim be dismissed with prejudice.[1]

> **b. The Court accepts the R&R's recommendation that Plaintiff's second claim against the Board Defendants for breach of fiduciary duty under ERISA § 404(a)(1)(A) & (B) be dismissed, but grants Plaintiff leave to amend.**

Plaintiff objects to Judge Lehrburger's recommendation that his second claim against the Board Defendants for breach of fiduciary duty based on their failure to disclose the Retirement Board's interpretation of the term "changed circumstances" be dismissed. Plaintiff argues that the mere fact that his claim under ERISA § 102 was dismissed does not automatically preclude a claim

---

[1] Because the Court agrees with the R&R's recommendation that Plaintiff's first claim be dismissed for failure to state a claim under ERISA § 102(a), it need not address the R&R's alternative holding that the claim should be dismissed as time barred.

4

under ERISA § 404, and also, that his claim is not barred by the statute of limitations. The Court does not interpret the R&R to suggest that claims under ERISA § 102 and § 404 can never coexist, but simply to state that allegations sufficient to state a claim under § 102 do not automatically state a claim under § 404 as well. Because Plaintiff has not alleged sufficient facts to state a claim under § 404, this claim is dismissed.

In his objections to the R&R, Plaintiff clearly acknowledges the requirements for stating a § 404 claim in these circumstances: "[W]hen a plan administrator affirmatively misrepresents the terms of a plan or fails to provide information when it knows that its failure to do so might cause harm, the plan administrator has breached its fiduciary duty to individual plan participants and beneficiaries." *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 88 (2d Cir. 2001) (quoting *In re Unisys Corp. Retiree Med. Ben. ERISA Litig.*, 57 F.3d 1255, 1264 (3d Cir. 1995)). As Judge Lehrburger correctly noted, Plaintiff's claim under § 404 was not based on separate misrepresentations or knowing omissions, but on the exact same allegations which formed the basis for his § 102 claim—that is, the mere fact that the Retirement Board did not disclose its interpretation of the term "changed circumstances." As the Board Defendants correctly note, there are no allegations in the complaint that the Retirement Board made any misleading representations or that the Board had any reason to know that its failure to disclose its interpretation of "changed circumstances" might cause Plaintiff harm. Accordingly, this claim is dismissed. To the extent that Plaintiff can plead additional facts which would support a § 404 claim for failure to disclose, he is granted leave to do so.[2]

---

[2] Plaintiff also argued in his objections to the R&R that his claim was not barred by the statute of limitations, as Judge Lehrburger found. The Court recognizes that, to the extent that Plaintiff can plead additional facts which would support a breach of fiduciary duty claim based on a knowing omission, those facts may impact the Court's analysis of whether the "fraud or concealment" provision of 29 U.S.C. § 1113 applies to extend the statute of limitations for this claim to six years after the date of discovery of the breach. Accordingly, the Court expresses no opinion at this time whether—if Plaintiff can plead sufficient facts to support a § 404 claim—the statute of limitations would bar that claim.

### c. The Court accepts the R&R's recommendation that Plaintiff's third claim against the Association and the Council for breach of the duty to monitor be dismissed, but grants Plaintiff leave to amend.

Plaintiff has objected to Judge Lehrburger's recommendation that his third claim against the Association and the Council be dismissed, claiming that he has adequately pleaded a breach of the duty to monitor. The Court agrees with Judge Lehrburger that this claim should be dismissed.

The R&R clearly acknowledges that entities with the duty to appoint and remove trustees of a multi-employer plan have a concomitant duty to monitor the conduct of those trustees. R&R at 25. At issue in this case is the scope of that duty. Plaintiff argues that the R&R took an improperly narrow view of the duty to monitor. But Plaintiff's allegations are not sufficient to state a breach of the duty to monitor, even as Plaintiff conceives of that duty.

Plaintiff argues that "allegations of inadequate performance by appointee fiduciaries support a claim of breach of the duty to monitor," quoting *In re Fannie Mae 2008 ERISA Litig.*, No. 09-cv-1350 PAC, 2012 WL 5198463, at *7 (S.D.N.Y. Oct. 22, 2012). But this single quote—taken out of context—does not fully capture the import of the *Fannie Mae* decision. In *Fannie Mae*, the court refused to dismiss plaintiffs' failure to monitor claim because plaintiffs had sufficiently pleaded facts which showed that the defendants were on notice that Fannie Mae was in a dire situation, that plan fiduciaries "were doing nothing to protect the Plan's assets," which were entirely invested in Fannie Mae stock, and that—even with this knowledge—defendants took no action to intervene or replace any of the plan fiduciaries. The other cases cited by Plaintiff in defense of his failure to monitor claim involve similar circumstances. *See In re Am. Int'l Grp., Inc. ERISA Litig. II*, No. 08-cv-5722 (LTS) (KNF), 2011 WL 1226459, at *10 (S.D.N.Y. Mar. 31, 2011); *Veera v. Ambac Plan Admin. Comm.*, 769 F. Supp. 2d 223, 230-31 (S.D.N.Y. 2011).

Even assuming that the scope of the duty to monitor as described in these single employer plan cases is the same in the multi-employer plan context—a premise that the Court does not necessarily accept in light of the Supreme Court's decision in *NLRB v. Amax Coal Co.*, 453 U.S. 322,

330 (1981) and Judge Lehrburger's persuasive reasoning on this point—the cases cited by Plaintiff perfectly underscore the deficiencies in his own complaint. Plaintiff's complaint says absolutely nothing about the actions of the Council and the Association with regards to their duty to monitor the members of Retirement Board. Plaintiff does not take issue with the actual procedures the Council and the Association used to monitor the board and he does not allege that either the Council or the Association was aware of any red flags that should have alerted them to potential breaches of fiduciary duties by members of the Retirement Board. Plaintiff simply states that because breaches occurred—a predicate factual assumption that, as the Court has discussed elsewhere, is also not adequately pleaded—the Counsel and the Association must not have properly monitored the Retirement Board. That is not enough to state a claim. To find that Plaintiff has stated a breach of the duty to monitor on these facts would, as Judge Lehrburger correctly noted, make "every employer or union that appoints plan trustees . . . liable for every alleged act or omission of those trustees." R&R at 35. This claim is therefore dismissed. However, because it is not apparent to the Court that Plaintiff can plead no set of facts which would support a failure to monitor claim, Plaintiff is granted leave to amend this claim.

### d. The Court accepts the R&R's recommendation that Plaintiff's fifth claim be dismissed as untimely.

Judge Lehrburger concluded that Plaintiff's fifth claim—which asserts violations of ERISA §§ 410 and 404(a)(1)(A) and (B) based on certain discrepancies between the description of the relevant statute of limitations for ERISA violations included in the Plan and the SPD and the actual statute of limitations set forth in the statute—should be dismissed as untimely. The Court agrees.

The statute of limitations for these claims is clearly set forth in 29 U.S.C. § 1113:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

Plaintiff's complaint states that the language to which Plaintiff objects was included in the Plan and the SPD as early as 2009 and 2010. Plaintiff does not allege any act other than the inclusion of this language in the Plan and SPD that would "constitute[] a part of the breach or violation." § 1113(1)(A). Accordingly—in the absence of any allegations of fraud or concealment—the latest date on which Plaintiff could have brought this claim would have been in 2016. Plaintiff filed this case in 2018.

Plaintiff argues that Judge Lehrburger's R&R erred by imputing a constructive knowledge provision into § 1113(2) and claims that nothing in the complaint suggests that Plaintiff had the actual plan documents in his possession more than three years before he filed his complaint. This argument is irrelevant because the language of § 1113 is disjunctive: In the absence of allegations of fraud or concealment, the statute of limitations expires at the *earlier* of six years after the date of the breach *or* three years after plaintiff has actual knowledge of the breach. Even if Plaintiff did not have actual knowledge of the breach until 2018, the statute of limitations would still have expired in 2016. Accordingly, Plaintiff's fifth claim is dismissed with prejudice.

## III. CONCLUSION

The Court has considered all of the remaining arguments raised by Plaintiff. To the extent not specifically addressed, the arguments are without merit. Plaintiff's complaint is dismissed in its entirety. Plaintiff is granted leave to amend his allegations with respect to his second and third claims. Any amended complaint must be filed no later than 30 days after the date of this order.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 52, 54, and 61.

SO ORDERED.

Dated: September 30, 2019  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge